TOWNSHIP OF BURTON *v.* WILSON.

1. APPEAL AND ERROR—JURY'S FINDING ON ISSUE OF FACT.
   Jury's finding on issue of fact is conclusive, in absence of motion for new trial.

2. SAME—DAMAGES—CURING ERROR—SURETY BOND.
   In action on surety bond given to secure performance of grading and draining streets, error of court in stating, in presence of jury, that, if plaintiff is entitled to recover, it should be for full penalty of bond, *held,* not prejudicial, where court immediately corrected it by saying that amount of damages would be for jury, and subsequently correctly charged jury on question of damages.

3. EVIDENCE—WEIGHT OF EVIDENCE—DAMAGES.

Objections to testimony of certain witnesses, who estimated damages, *held*, to go to its weight rather than to its admissibility.

4. DAMAGES—SURETY BOND—WEIGHT OF EVIDENCE.

In action on surety bond given to secure performance of grading and draining streets, verdict for full amount of bond, *held*, amply supported, where undisputed testimony of highway commissioner, who had practical knowledge on subject, fixed damages at a much larger sum.

Appeal from Genesee; Black (Edward D.), J. Submitted January 6, 1932. (Docket No. 44, Calendar No. 36,143.) Decided April 4, 1932.

Assumpsit by Township of Burton against Guy M. Wilson, trustee, and another on a surety bond to secure street improvements. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*William R. Roberts,* for plaintiff.

*Wilson & Hoffman,* for defendants.

McDONALD, J. This is an action on a surety bond given to secure the performance of grading and draining streets in a plat known as Stratmore addition to the township of Burton.

The condition of the bond is as follows:

"Now, therefore, if the said Guy M. Wilson, as trustee, shall grade all the streets within the present limits of the township of Burton as shown on the aforementioned plat, said grading to include proper provision for surface drainage, and shall keep said streets closed to traffic until properly graded and placed in condition as required by the township board and highway commissioner of said township of Burton on or before September 15, 1925, and pay

any and all damages that may result to the township of Burton by reason of the failure of said Guy M. Wilson, as trustee, to comply with the conditions thereof, then this obligation shall be void; otherwise to remain in full force and effect and virtue.''

In its declaration the plaintiff charges that the defendants—

''wholly neglected and refused to grade said streets in the aforesaid plat, or provide for proper surface drainage within the period specified in the aforesaid bond.''

In their notice of special defense defendants assert that—

''Said defendant, Guy M. Wilson, as trustee, * * * did cause the streets in said plat to be graded in accordance with the terms of the bond, as set forth in said declaration, and spent upwards of the sum of $2,000 therefor.''

The issue thus formed was submitted to a jury, who rendered a verdict in favor of the plaintiff, and fixed its damages at $2,000. Judgment was entered on the verdict, and the defendants appealed.

The parties disagree as to the proper construction of the language of the bond. The defendants say that the words ''as required by the township board and highway commissioner'' mean that plans and specifications were to be furnished by the township board and highway commissioner as a condition precedent to the performance of any work on their part. The plaintiff contends that, as used, the language means that the grading and draining were to be done in a proper manner subject to the approval of the township board and highway commissioner.

But this question of construction is not involved in the case. The defendants do not claim that the

work was not done because no plans and specifications were furnished. They claim to have performed the work without the plans and specifications. The plaintiff contends it was not done at all. The issue which went to the jury was performance or nonperformance. The jury found against the defendants, and, as there was no motion for a new trial, it is settled by their verdict that the defendants did no grading and draining after the bond was given. It was for failure to do any of this work, which constituted 80 per cent. of the entire grading and draining, that this suit was brought. As no grading and draining was done in accordance with the bond, the plaintiff is entitled to its damages. As to the allowance of damages, complaint is made that, in the presence of the jury, the court said, in substance, that, if the plaintiff could recover, it should be in the sum of $2,000, the full penalty of the bond. The court probably had in mind that the $2,000 named in the bond was stipulated damages, but he immediately corrected it by saying that the amount of damages would be for the jury to determine. Subsequently in his charge he was careful to explain that the verdict could not exceed $2,000, but might be in any sum less than that, depending on the evidence. Objections to the testimony of the witnesses, Gould and Decker, who estimated the damages, go to the weight of their evidence rather than to its admissibility. The undisputed testimony of the highway commissioner, who had practical knowledge on the subject and fixed the damages at $2,944, amply supports the judgment.

The record shows no error. The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. POTTER, J., did not sit.